UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK WEACHOCK,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMM'R OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action Number:<br>    2:10-cv-00395<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Mark Weachock brings this action seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits and Supplemental Security Income Benefits. Plaintiff contends that the Commissioner's administrative decision is not supported by substantial evidence in the record and must be reversed or remanded. For the reasons elaborated below, the Commissioner's decision will be **AFFIRMED**.

### II.   FACTUAL BACKGROUND

Plaintiff filed for disability benefits and supplemental security income on March 22, 2006. He alleged the onset of disability as of March 5, 2006. His initial claims were denied, denied on reconsideration, and again denied, on March 20, 2009, by Administrative Law Judge ("ALJ") Richard L. De Steno after a hearing in which Plaintiff was represented by counsel. During the administrative proceedings, the Plaintiff asserted *only* left-knee injury as a severe impairment. Doc. No. 8-2 at 24-25. However, the ALJ's analysis also discussed Plaintiff's thrombocytopenia as a severe impairment. The ALJ determined that the left-knee injury did not meet the criteria in the Code of Federal Regulations' *Listing of Impairments* for medical listing 1.02A, that the Plaintiff did not have significant non-exertional limitations, and that

Plaintiff had a residual functional capacity to perform work involving lifting and carrying objects up to ten pounds, sitting up to six hours, and standing and walking up to two hours per day, i.e., the full range of sedentary work. At the hearing, for example, the Plaintiff testified that he could walk a mile absent use of a cane, but has to take frequent breaks.

### III. STANDARD OF REVIEW

A reviewing district court must affirm an ALJ's ruling if the decision was based on the correct legal standard and if the factual findings are supported by substantial evidence in the record. 42 U.S.C. §§ 405(g), 1383(c)(3); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). This Court conducts a plenary review of the legal issues adjudicated below. *See Schaudeck v. Comm'r of Soc. Sec. Admin*., 181 F.3d 429, 431 (3d Cir. 1999).

At the administrative level, a five-step process is used to determine whether an applicant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. At Step One, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to Step Two to determine if the claimant's alleged impairments qualify as "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment or impairments, the Commissioner inquires at Step Three as to whether the impairment or impairments meet (or equal) the criteria of any impairment found in the *Listing of Impairments*. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to Step Four. *Id.* §§ 404.1520(d), 416.920(d). At Step Four, the Commissioner decides whether, despite any severe impairment(s), the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At Step Five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007).

### IV. ANALYSIS

The Court has reviewed the ALJ's opinion. It is lucid, orderly, and well-reasoned. Plaintiff asserts four errors in the ALJ's reasoning. This opinion will address each of these purported errors in turn.

    *1. Did the ALJ Fail to Consider All of Plaintiff's Impairments.* Plaintiff asserts that the ALJ's purported failure to consider all of Plaintiff's impairments, i.e., obesity, chronic hepatitis, and alcohol induced cirrhosis of the liver, constitutes error. However, the ALJ specifically asked Plaintiff's counsel what impairments constitute the basis of Plaintiff's

claim. Plaintiff's counsel and the claimant both answered that Plaintiff's claim was based on injury to the left knee and thrombocytopenia, to the extent that the latter "interferes with [Plaintiff's] ability to obtain surgical repair of [his] knee." (Tr. 25, 27.) Plaintiff cannot resurrect in the District Court a claim he abandoned or waived in administrative proceedings. Plaintiff has made no showing that his waiver was less than knowing, intelligent, and voluntary. Moreover, Plaintiff points to no objective medical evidence or physician's report tending to establish that these conditions cause any functional limitations, much less limitations that somehow inhibit Plaintiff from working. In these circumstances, Plaintiff has not carried his burden at Step Two. *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995) ("In order for a person to be found disabled within the meaning of the Act, it is not sufficient that the evidence establish the mere presence of a disease or impairment. Rather, the evidence must demonstrate that the disease or impairment has caused functional limitations that prevent the claimant from engaging in any substantial gainful activity.").

2. *Was the ALJ's RFC Determination Supported by Substantial Evidence in the Record?* Plaintiff asserts that although the ALJ recited the evidence, his determination that Plaintiff had an RFC to do sedentary work was insufficiently analytic, that is, there was no explanation how specific evidence supported the conclusion reached. Here too, Plaintiff points to no opinions of any physician, nor does Plaintiff point to any objective medical evidence tending to establish that the ALJ erred, that is, that Plaintiff is incapable of doing sedentary work. *Fargnoli v. Massanari*, 247 F.3d 34 (3d Cir. 2001) (remanding decision back to the ALJ because the ALJ failed to consider specific relevant probative evidence inconsistent with the ALJ's determination). Moreover, the ALJ's determination that Plaintiff can engage in sedentary work is supported by much evidence in the record: evidence which the ALJ discussed in his decision. For example, the claimant stated at the administrative hearing that he can walk a mile even without a cane. In asserting that the ALJ made an error at Step Four, Plaintiff must carry the burden. It is not enough for Plaintiff to assert in a purely conclusory fashion that the ALJ failed to write a sufficiently analytic opinion. An opinion can always be more analytic. Here, Plaintiff has not shown that the ALJ failed to *consider* some specific relevant probative evidence that is inconsistent with his RFC determination, nor has Plaintiff shown that the ALJ failed to *explain* why he rejected evidence that was inconsistent with his RFC determination. It is Plaintiff that must identify the specific evidence that the ALJ failed to properly consider or explain. Because Plaintiff has not done so here, he has not met his burden at Step Four.

Plaintiff argues that the ALJ, in his Step Four analysis, failed to consider various conditions and symptoms that Plaintiff suffers from, such as, obesity, lyme disease, dizziness, cirrhosis, anemia, and fatigue. But Plaintiff's brief points to no support in the record establishing that Plaintiff does suffer from these conditions, much less evidence that these conditions might reduce Plaintiff's RFC to *below* sedentary. It should go without saying that unless Plaintiff is incapable of sedentary activity, any purported error by the ALJ is harmless, and remand would not be appropriate. *See Drayton v. Astrue*, 2010 WL 2674448, at *9 n.4 (D.N.J.

June 30, 2010) (applying harmless error standard in regard to a Social Security claim in circumstances where the burden is on the plaintiff); *see also Rivera v. Comm'r of Soc. Sec.*, 164 Fed. Appx. 260, 263 (3d Cir. Jan. 31, 2006) (applying harmless error standard).

*3. Did the ALJ Engage in the Mandated Pain Protocol?* Plaintiff argues that the ALJ failed to engage in the mandated pain protocol and objects to the ALJ's language as "boiler-plate." Rather, it is Plaintiff's brief which is boiler-plate. The ALJ recites the correct legal standard, SSR 96-7P, and found that the claimant exaggerated his subjective complaints. The ALJ's conclusion was based on a thorough examination of Plaintiff's daily activities, his drug regime for pain, and his history of physical therapy. Plaintiff fails to point to any contrary evidence which the ALJ failed to consider.

*4. Did the ALJ Follow the Mandated Protocol in Regard to Determining Whether Plaintiff Could Engage in Past Work?* Plaintiff's brief puts forward a variety of arguments in order to establish that the ALJ erred in finding Plaintiff capable of performing past work. Plaintiff's arguments come absent *any* citations to the record, and absent *any* citations to the ALJ's decision. (Doc. No. 11 at 41-43.) Likewise, this section of Plaintiff's brief comes absent any legal authority. (*Id.*) The Court has considered these arguments and finds them without merit. For example, Plaintiff argues that the ALJ erred because there is no evidence that Plaintiff's former job "still exists or exists in significant numbers in the national economy." (*Id.* at 41-42.) There is on-point Supreme Court authority holding that this is no error. *See Thomas v. Barnhart*, 540 U.S. 20 (2003).

## V.     CONCLUSION

For the reasons elaborated above, the Commissioner's decision is **AFFIRMED**. An appropriate order accompanies this opinion. This terminates this action.

|  |  |
|---|---|
| | s/ William J. Martini |
| **DATE: March 9, 2011** | **William J. Martini, U.S.D.J.** |