UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK WEACHOCK,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMM'R OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action Number:<br>2:10-cv-00395<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Mark Weachock brought an action seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits and Supplemental Security Income Benefits. Plaintiff contended that the Commissioner's administrative decision is not supported by substantial evidence in the record and must be reversed or remanded. This Court affirmed the administrative decision below. Plaintiff now seeks reconsideration. For the reasons elaborated below, the motion to reconsider will be **DENIED**.

### II.   FACTUAL BACKGROUND

Plaintiff filed for disability benefits and supplemental security income on March 22, 2006. He alleged the onset of disability as of March 5, 2006. His initial claims were denied, denied on reconsideration, and again denied, on March 20, 2009, by Administrative Law Judge ("ALJ") Richard L. De Steno after a hearing in which Plaintiff was represented by counsel. During the administrative proceedings, the Plaintiff asserted *only* left-knee injury as a severe impairment. Doc. No. 8-2 at 24-25. However, the ALJ's analysis also discussed Plaintiff's thrombocytopenia as a severe impairment. The ALJ determined that the left-knee injury did not meet the criteria in the Code of Federal Regulations' *Listing of Impairments* for medical

listing 1.02A, that the Plaintiff did not have significant non-exertional limitations, and that Plaintiff had a residual functional capacity to perform work involving lifting and carrying objects up to ten pounds, sitting up to six hours, and standing and walking up to two hours per day, i.e., the full range of sedentary work. At the hearing, for example, the Plaintiff testified that he could walk a mile absent use of a cane, but has to take frequent breaks. On March 9, 2011, this Court issued an opinion affirming. Plaintiff now seeks reconsideration under Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 15-1 at 1.)

### III. STANDARD OF REVIEW

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." *Martinez-McBean v. Government of V.I.*, 562 F.2d 908, 911 (3d Cir.1977). "The correction of legal errors committed by the district courts is the function of the Courts of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 173 (3d Cir. 2004).

### IV. ANALYSIS

Plaintiff's primary argument for reconsideration is that ALJ's failure to consider plaintiff's obesity, chronic Hepatitis, and cirrhosis of the liver as severe impairments constituted error. As the Court explained in its prior decision:

> In order for a person to be found disabled within the meaning of the Act, it is not sufficient that the evidence establish the mere presence of a disease or impairment. Rather, the evidence must demonstrate that the disease or impairment has caused functional limitations that prevent the claimant from engaging in any substantial gainful activity."

*Weachock v. Astrue*, 2011 WL 923551, at *2 (D.N.J. March 14, 2011) (quoting *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995)). If Plaintiff has such evidence, he failed to flag it in his brief on the merits, and he has again failed to cite to any such evidence in his letter brief seeking reconsideration. Instead, Plaintiff merely asserts, without citations to the record, that Plaintiff suffers from these conditions. (Plts. Br. 23 ("All of these diagnoses are contained in plaintiff's treatment notes and the Veteran's Hospital in East Orange. They are all part of the record.").) That is not enough. Plaintiff has to tell the Court where his support is. Plaintiff has to identify the document. The Court cannot cull the record. But more importantly, Plaintiff has failed even to proffer any objective medical evidence tending to establish that the conditions he lists cause *any* functional limitations. If that information is buried somewhere in the record, Plaintiff has not identified the document, much less the page. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Plaintiff argues: "Plaintiff suffers [from] hepatitis C and cirrhosis of the liver. Is it the position of this Court that such dire impairments cause no functional limitations? . . . Isn't it enough to point out that plaintiff has these obviously severe impairments . . . ?" Whether these conditions are "dire" or even "severe" is precisely the question. That cannot be answered in the abstract or by surmise by the Court or by Plaintiff's counsel. Before this Court reverses the ALJ for failing to consider conditions that may cause functional limitations, Plaintiff must proffer some objective medical evidence tending to establish that those conditions have, in fact, produced functional limitations. Because Plaintiff has failed to make any such showing it would appear that any error (if error there be) is harmless. This is particularly true where the error asserted involves a sequential step, such as the residual function capacity analysis of step four, where the burden of proof rests on the plaintiff. *See Drayton v. Astrue*, 2010 WL 2674448, at *9 n.4 (D.N.J. June 30, 2010) (applying harmless error standard in regard to a Social Security claim in circumstances where the burden is on the plaintiff); *see also Rivera v. Comm'r of Soc. Sec*., 164 Fed. Appx. 260, 263 (3d Cir. Jan. 31, 2006) (applying harmless error standard).

Plaintiff's remaining arguments do not appear to meet the Rule 60 standard.

## V. CONCLUSION

For the reasons elaborated above, Plaintiff's motion to reconsider is **DENIED**

s/ William J. Martini

**DATE: May 19 2011** **William J. Martini, U.S.D.J.**